**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

TRIBE COLLECTIVE LLC,

    Plaintiff,

v.

KINSALE INSURANCE COMPANY,

    Defendants.

Case No.   CIV-22-788-PRW

*Removed from Case No. CJ-2022-1697; District Court of Oklahoma County, State of Oklahoma*

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kinsale Insurance Company ("Kinsale"), by and through its attorneys of record, hereby provides notice of removal of *Tribe Collective LLC v. Kinsale Insurance Company*, Case No. CJ-2022-1697, filed in the District Court of Oklahoma County, State of Oklahoma (the "State Court Action") to the United States District Court for the Western District of Oklahoma on the basis of diversity jurisdiction. Removal is authorized and appropriate on the following grounds:

**PROCESS, PLEADINGS, AND ORDERS**

1. 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file…a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

2. Attached to the accompanying Declaration of Caleb McKee ("McKee Decl.") are the following documents which constitute the entire Court file in the State Court Action:

a. **Exhibit 1** is a true and correct copy of TRIBE COLLECTIVE LLC ("TRIBE COLLECTIVE")'s Petition, styled as *Tribe Collective LLC v. Kinsale Insurance Company*, Case No. CJ-2022-1697, filed on April 13, 2022, in the District Court of Oklahoma County, State of Oklahoma ("Petition");

b. **Exhibit 2** is a true and correct copy of the Entry of Appearance of Counsel for TRIBE COLLECTIVE, James Thiessen;

c. **Exhibit 3** is a true and correct copy of the Entry of Appearance of Counsel for TRIBE COLLECTIVE, Kevin Combs;

d. **Exhibit 4** is a true and correct copy of the Entry of Appearance of Counsel for KINSALE, Caleb McKee;

e. **Exhibit 5** is a true and correct copy of KINSALE's Answer to TRIBE COLLECTIVE's Petition, filed on May 23, 2022;

f. **Exhibit 6** is a true and correct copy of the Return of Service, filed on June 3, 2022;

g. **Exhibit 7** is a true and correct copy of a printout of the District Court of Oklahoma, State of Oklahoma's docket in the State Court Action.

McKee Decl. ¶¶ 3-9.

## **DIVERSITY OF PARTIES**

3. 28 U.S.C. § 1332(a)(1) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

4. As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal, Plaintiff TRIBE COLLECTIVE was and still is an Oklahoma Limited Liability Company whose principal place of business is located in Okemah, Oklahoma. As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal:

      a.     TRIBE COLLECTIVE has and had no individual members;

      b.     The only member of TRIBE COLLECTIVE was and is The Lower 80, LLC; and

      c.     TRIBE collective was and is a wholly owned subsidiary of The Lower 80 LLC.

McKee Decl. ¶ 10(a), 10(b). As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal, The Lower 80 LLC was and still is an Oklahoma Limited Liability Company whose principal place of business was and is located in Oklahoma City, Oklahoma. McKee Decl. ¶ 10(c).

5.     As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal, all of the members of The Lower 80 LLC were and still are individuals who were and are all residents of the State of Oklahoma with the intent to permanently remain as residents therein, and have no current plans to move their domiciles from the State of Oklahoma. McKee Decl. ¶ 10(d).

6.     As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal, the only members of The Lower 80 LLC were Joseph Medley, whose domicile was and is located in Oklahoma City, Chase Mattison, whose domicile was and is located in Oklahoma City, Nathan Mattison, whose domicile was and is located in Oklahoma City, and Tyler Morey, whose domicile was and is located in Oklahoma City. No person or entity other than these four individuals was or became a member of The Lower 80, LLC at any time from the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal. McKee Decl. ¶ 10(e).

7.     TRIBE COLLECTIVE is, therefore, a "citizen" of Oklahoma.

8.     As of the date of the filing of the original Petition in the State Court Action, and continuing through the date of this Notice of Removal, Defendant KINSALE was and

still is an Arkansas Corporation and maintains its principal place of business in Richmond Virginia. McKee Decl. ¶ 11.

9. KINSALE is, therefore, a "citizen" of either Arkansas or Virginia, but not Oklahoma.

10. Accordingly, diversity of citizenship between TRIBE COLLECTIVE and KINSALE exists under 28 U.S.C. § 1332(a) as required for removal pursuant to 28 U.S.C. § 1446.

## AMOUNT IN CONTROVERSY

11. 28 U.S.C. § 1446(c)(2)(B) provides "removal of the action is proper on the basis of an amount in controversy…if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

12. 28 U.S.C. § 1332(a) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…."

13. TRIBE COLLECTIVE has responded to KINSALE's Request for Admission No. 1 in the State Court Action that its claim for damages against KINSALE exceeds $75,000. TRIBE COLLECTIVE also asserts that "the insured is seeking the policy limit for cannabis product and the policy limit for lost profits." The insurance policy which is the subject of this action has a limit in excess of $75,000. McKee Decl. ¶ 10(f).

14. Therefore, KINSALE has met the amount in controversy requirement.

## TIMELINESS

15. 28 U.S.C. § 1446(b)(2)(B) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. KINSALE received a copy of TRIBE COLLECTIVE's Petition in the State Court Action on or around April 13, 2022 via Fax & Email. Exhibit 1 to McKee Decl., Petition.

17. The Petition does not identify the citizenship of TRIBE COLLECTIVE and does not allege the amount in controversy. McKee Decl. ¶ 10. Therefore, KINSALE was required to conduct jurisdictional discovery to ascertain those facts. TRIBE COLLECTIVE served its Responses to KINSALE's Request for Admissions, Set Two and Interrogatories, Set Two on September 6, 2022. These Responses were the first "other paper from which it may first be ascertained that the case is one which is or has become removable," as they establish the facts upon which KINSALE relies to show the citizenship of TRIBE COLLECTIVE (including its sole member, The Lower 80, LLC, and the individual members of The Lower 80, LLC) as of the date of the filing of the original Petition (April 13, 2022) and as of the date of this Notice of Removal. McKee Decl. ¶ 12.

18. KINSALE brings this Notice of Removal within 30 days of when it first ascertained that the State Court Action was removable. McKee Decl. ¶ 13.

19. Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

## VENUE

20. Pursuant to 28 U.S.C. § 1441(a), venue for the removed action is proper in this Court as it is in the district embracing the District Court of Oklahoma County, State of Oklahoma, where the State Court Action is pending. Exhibit 1 to McKee Decl., Petition.

## NOTICE

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given by the undersigned to TRIBE COLLECTIVE's counsel of record, James Thiessen and Kevin Combs of the law firm of COMBS THIESSEN PLLC, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Oklahoma County, State of Oklahoma. McKee Decl. ¶ 14.

22. KINSALE is the only named defendant in the State Court Action and hereby consents to the removal of the State Court Action to this Court. McKee Decl. ¶ 15.

23. Based on a reasonable investigation, it is well grounded in fact and warranted by law that this Notice of Removal is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. McKee Decl. at ¶ 16.

WHEREFORE, KINSALE respectfully request that the above-captioned action, pending in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2022-1697, be removed from that court to this Court.

Dated: September 6, 2022

Respectfully submitted,
**HOLDEN LITIGATION,** *Holden P.C.*

*/s/ Caleb McKee*

Steven E. Holden, OBA #4289
Caleb S. McKee, OBA #32066
First Place Tower
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888
(918) 295-8889 fax
CalebMcKee@HoldenLitigation.com
SteveHolden@HoldenLitigation.com
**Attorneys for Defendants Kinsale Insurance Company**