**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

TRIBE COLLECTIVE, LLC,        )
                                   )
           Plaintiff,         )
                                   )
v.                               )     Case No. CIV-22-00788-PRW
                                   )
KINSALE INSURANCE COMPANY,  )
                                 )
          Defendant.      )

## <u>ORDER</u>

Plaintiff Tribe Collective, LLC, sued Defendant Kinsale Insurance Company in the District Court of Oklahoma County on April 13, 2022. After some jurisdictional discovery, Kinsale removed the case to this Court on September 6, 2022, based on diversity of citizenship. Tribe Collective then filed a motion to remand the action to Oklahoma County, arguing that Kinsale filed its notice of removal outside the thirty-day window provided in 28 U.S.C. § 1446(b)(3). For the reasons explained below, the Court agrees with Tribe Collective that Kinsale's removal notice was untimely. The motion to remand (Dkt. 8) is thus **GRANTED**.

### *Background*

Tribe Collective owns and operates a cannabis farm in Okemah, Oklahoma. After a refrigeration unit at its facility allegedly failed, Tribe Collective sought to recover from its

insurer, Kinsale,[1] for the loss of the spoiled marijuana product. Ultimately, Tribe Collective sued Kinsale in Oklahoma County for "compensatory and punitive damages in an amount in excess of the diversity jurisdiction of the United States District Courts."[2] The state-court petition notes that Tribe Collective is a limited liability company, but it doesn't contain any information about the citizenship of Tribe Collective's members.

Seeking to learn whether the parties were diverse under 28 U.S.C. § 1332, Kinsale sent its first set of written discovery to Tribe Collective. On August 2, 2022, Kinsale received Tribe Collective's response to interrogatories, which provided the addresses for the current domiciles of each individual member of The Lower 80, LLC (Tribe Collective's sole member).

But later, on September 6, 2022, Tribe Collective responded to an additional set of interrogatories that had requested the domiciles of each of The Lower 80's members as of that date *and* as of April 13, 2022, the day Tribe Collective filed its petition in state court. According to Kinsale, it needed to know the domicile of each member on the date the petition was filed before removal would be proper under 28 U.S.C. § 1441. Kinsale further argues that § 1446(b)(3)'s thirty-day clock began on September 6, 2022, the day it learned of each member's domicile as of filing the petition. Kinsale filed its notice of removal later that same day. But Tribe Collective asserts that Kinsale had all the information it needed

---

[1] The Notice of Removal states that Kinsale is an Arkansas corporation and maintains its principal place of business in Richmond, Virginia. Def.'s Notice of Removal (Dkt. 1), at 3–4.

[2] Def.'s Notice of Removal (Dkt. 1), Ex. 1.

2

to remove the case by August 2, 2022. Tribe Collective says, therefore, that the thirty-day clock began on that date, and that Kinsale's September 6 notice of removal was untimely because it was filed more than thirty days later. The issue is thus whether § 1446(b)(3)'s thirty-day window began on August 2 or September 6.

### Discussion

Federal courts are courts of limited jurisdiction,[3] "possess[ing] only that power authorized by [the] Constitution and statute."[4] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[5] Diversity jurisdiction requires a party to "show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000."[6]

A defendant may remove "any civil action brought in a State court" if the action could have originally been brought in a federal court.[7] "A proper filing of a notice of removal immediately strips the state court of its jurisdiction."[8] The notice must contain a short and plain statement of the grounds for removal, including the basis for the federal

---

[3] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[5] 28 U.S.C. §§ 1331–1332.

[6] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

[7] 28 U.S.C. § 1441.

[8] *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1446(d)).

court's jurisdiction.[9] In diversity cases, as here, the facts disclosed on the record as a whole at the time of removal—including the state-court petition and notice of removal—must establish the citizenship of all defendants and plaintiffs. When the parties' citizenship is not set forth in the state-court petition, the defendant, seeking to remove based on diversity, must plead these facts in the notice of removal.[10]

Kinsale argues that it could not remove this action to federal court until it learned Tribe Collective's citizenship as of the time the state-court petition was filed. True, a defendant "must normally demonstrate that diversity existed both at the time the action was filed and at the time removal is sought."[11] But an exception to this general rule applies "when the plaintiff takes some voluntary action subsequent to filing the complaint which creates diversity of citizenship amongst the parties."[12] For example, "courts generally hold

---

[9] 28 U.S.C. § 1441. "[T]he whole record brought forward on removal should be examined to determine removal jurisdiction." *Cook v. Robinson*, 612 F. Supp. 187, 190 (E.D. Va. 1985).

[10] *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."); *Thompson v. Intel Corp.*, 2012 WL 3860748, at *4 (D.N.M. Aug. 27, 2012) ("The removing party bears the burden of establishing the requirements for federal jurisdiction [and] . . . the burden of establishing that removal is proper.").

[11] *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1119 (D. Minn. 1999) (citing *Freeport–McMoRan, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 428 at (1991) ("The well-established rule [is] that diversity of citizenship is assessed at the time the action is filed.")).

[12] *Id.* at 1119. *See Flores v. Nat'l Van Lines, Inc., et al.*, No. EP-17-CV-00003-KC, 2017 WL 10765311, at *2 (W.D. Tex. May 12, 2017) ("A defendant may sometimes remove a case in which diversity of citizenship arises after a plaintiff has filed a state-court complaint. Indeed, 28 U.S.C. § 1446(b) explicitly contemplates removal of an action not originally removable within thirty days of receipt of a copy of an 'amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' Thus, Plaintiff is incorrect when he argues that a case

that if the plaintiff changes its citizenship so as to create diversity at the time of removal to federal court, the case becomes removable."[13] And 28 U.S.C. § 1446(b)(3) permits removal of an action that was not originally removable at the time the state-court petition was filed:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become* removable.[14]

This thirty-day clock "does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable."[15]

This case was not removable as "stated by the initial pleading" because the petition didn't contain Tribe Collective's citizenship. But Kinsale received "clear and unequivocal notice" that the case was removable on August 2, 2022. On that date, Kinsale learned the domiciles of The Lower 80's individual members through Tribe Collective's discovery

---

is removable only when there is complete diversity of citizenship among all plaintiffs and all defendants at the time of filing the state court petition.") (internal citation omitted).

[13] 14C Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3723 (Rev. 4th ed., April 2023 update) (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 482 (10th Cir. 1979)).

[14] 28 U.S.C. § 1446(b)(3) (emphasis added)

[15] *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (citing *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)).

response,[16] which constitutes "other paper" under § 1446(b)(3).[17] Because Kinsale knew that the parties were completely diverse as of August 2, and because the state-court petition sought "compensatory and punitive damages in an amount in excess of the diversity jurisdiction of the United States District Courts,"[18]  Kinsale could ascertain that the case was "one which *is or has become* removable"[19]—regardless of Tribe Collective's citizenship on April 13, 2022. Tribe Collective's August 2 discovery response thus triggered § 1446(b)(3)'s thirty-day clock. Because Kinsale filed its removal notice on September 6, 2022, more than thirty days later, the removal notice was untimely. "The failure to comply with [this] express statutory requirement[] for removal . . . render[s] the removal 'defective' and justif[ies] a remand."[20]

---

[16] *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) ("[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") Because The Lower 80—an LLC—is Tribe Collective's sole member, Tribe Collective's citizenship is determined by the citizenship of The Lower 80's members. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).

[17] *Paros Properties LLC*, 835 F.3d at 1268 ("Most courts, including this one, have consistently interpreted the term *other paper* broadly to include state-court filings and discovery.").

[18] Def.'s Notice of Removal (Dkt. 1), Ex. 1.

[19] *See* 28 U.S.C. § 1446(b)(3) (emphasis added).

[20] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

*Conclusion*

For the reasons given above, Tribe Collective's motion to remand (Dkt. 8) is **GRANTED**,[21] and this action is **REMANDED** to the District Court of Oklahoma County.

**IT IS SO ORDERED** this 7th day of July 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[21] Tribe Collective requests an award of fees and costs pursuant to 28 U.S.C. § 1447(c). The Court declines to grant this request. Though ultimately disagreeing with Kinsale's arguments, the Court doesn't conclude that the basis for Kinsale's removal was unreasonable. *See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding fees should turn on the reasonableness of the removal." (citation and internal quotation marks omitted)).